**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**LAWRENCE CRIFT, JR.**                                                                  **PLAINTIFF**

**V.**                      **5:09CV00326 JMM**

**JASON WILLIAMS and
JOEY MOORE, individually and in
their official capacities, as McGehee
City Police Officers, JANE DOE,
MCGEHEE-DESHA COUNTY
HOSPITAL and OBOMA ASEMOTA, M.D.**                      **DEFENDANTS**

## ORDER

Pending is Defendant McGehee-Desha County Hospital's Partial Motion to Dismiss. (Docket # 8). Plaintiff has responded. For the reasons set forth herein, Defendant's motion is denied.

Defendant, McGehee-Desha County Hospital, asks the Court to dismiss Plaintiff's 42 U.S.C. §§1983, 1985 and 1986 claims against it asserting: (1) Plaintiff's complaint fails to state a 42 U.S.C. §1983 claim in that an employer is not liable under Section 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior and Plaintiff's complaint lacks any allegations of an unconstitutional policy or custom; (2) Plaintiff has failed to state a claim under 42 U.S.C. §1985 because his complaint contains nothing more than conclusory allegations that the defendants acted in concert, and (3) because Plaintiff has failed to state a viable Section 1985 claim his Section 1986 claim also fails. Plaintiff has responded and denies that the motion should be granted. Plaintiff also seeks leave to file an amended complaint.

Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as

true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).  The plaintiff need not provide "in detail" specific facts in support of their allegations, *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.  Further, "[l]eave to amend should be freely granted unless there are compelling reasons 'such as undue delay, bad faith, or dilatory motive ... undue prejudice to the non-moving party, or futility of the amendment.'" *Alternate Fuels, Inc. v. Cabanas,* 538 F.3d 969, 974 (8th Cir. 2008).

In reviewing the complaint, the Court cannot say that it is impossible for Plaintiff to prove any set of facts that would entitle him to relief.  The allegations are sufficient to raise his right to relief above a speculative level and to give fair notice of his claims.  Further, Plaintiff's amended complaint attempts to cure the deficiencies alleged by Defendant, McGehee-Desha County Hospital.  Accordingly, the Court finds that Defendant's motion to dismiss, should be, and hereby is, denied.  Plaintiff's motion for leave to amend is granted.  Plaintiff may file his amended complaint within five (5) days of the entry of this Order.

IT IS SO ORDERED this 5th day of January, 2010.

/s/ James M. Moody
James M. Moody
United States District Judge