IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LAWRENCE CRIFT, JR.**                                                                 **PLAINTIFF**

V.                                    5:09CV00326 JMM

**JASON WILLIAMS and
JOEY MOORE, individually and in
their official capacities, as McGehee
City Police Officers,
WADE CANTRELL, individually and in
his official capacity as a Desha County Sheriff**                  **DEFENDANTS**

## ORDER

Plaintiff has filed an application for attorneys' fees and costs (Docket # 166) to which the Defendant has responded. After consideration of the application and briefs, the Court will award attorneys' fees in the amount of $75,000.00 and costs in the amount of $350.00.

On October 26, 2009, Plaintiff filed this action against the Defendants, alleging that the Defendants violated the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and stating various state law claims. Ultimately, the separate hospital defendants settled with the Plaintiff for a confidential settlement amount which included attorneys' fees and costs assessed against those defendants. Plaintiff also reached a settlement with the physician defendant for the sum of $50,000.00, which included attorneys' fees and costs assessed against the physician. Plaintiff accepted an offer of Judgment against the law enforcement defendants in the sum of $75,000.00, with the attorneys' fee issue to be determined either by agreement or by the Court. The parties were unable to resolve the attorneys' fee issue and now submit the issue to the Court. Plaintiff seeks $137,650.17 in fees and costs in the amount of $30,228.86

Defendants object to the Plaintiff's fee request arguing that Plaintiff has already been paid for two-thirds of his attorneys' fee based on the settlements with the hospital and physician

defendants.  Additionally, Defendants argue that the Court should not award for duplicative work performed by Plaintiffs' three attorneys.  Defendants seek to have the Court enforce an agreement which is in dispute regarding fees incurred after November 30, 2010.  The Court will not enforce stipulations or agreements which are not in writing and to which the parties disagree.

Defendants do not dispute that Plaintiff is entitled to a fee nor do they dispute the hourly rate of $300.00 requested by Mr. Sutter.   In exercising the discretion allowed by statute the Court finds the lodestar determination helpful.  The "lodestar" determination is the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In making the lodestar determination, the Court also considers the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981)(adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)):

      a.    time and labor required;
      b.    novelty and difficulty of the questions;
      c.    skill requisite to perform the legal service properly;
      d.    preclusion of other employment, due to acceptance of case;
      e.    the customary fee;
      f.    whether the fee is fixed or contingent;
      g.    time limitations imposed by the client or the circumstances;
      h.    the amount involved and the results obtained;
      i.    the experience, reputation, and ability of the attorneys;
      j.    the undesirability of the case;
      k.    the nature and length of the professional relationship with the client;
      l.    awards in similar cases.

*Hensley,* 461 U.S. at 434.  Although there is no fixed formula for the determination of attorney's fees, similar factors have been considered in analyzing the appropriateness of an attorney fee award by the Arkansas Supreme Court.  *Crockett & Brown, P.A. v. Courson*, 312 Ark. 363, 849 S.W.2d 938 (1993).   The Court finds the hourly rate of $300 requested by Mr. Sutter reasonable.

Mr. Clarke's hourly rate will be reduced to $300.

In this case, Plaintiff has recovered a portion of his attorneys' fees from the settlements with the physician and hospital defendants. Further, the issues involved were not overly complex. Accordingly, the Court finds it appropriate and reasonable to reduce the requested fees to an award of $12,500 for the services of Mr. Clarke and $62,500 for the services of Mr. Sutter. The Court finds this award of fees adequate and it is not intended as any criticism of the amount or quality of the efforts of Plaintiff's counsel.

Plaintiff requests costs in the amount of $30,228.86 representing photocopying expenses, postage, long distance and fax charges, charges relating to depositions, expert services, auto, travel and out of pocket expenses. Plaintiff requests $350.00 for costs for the filing fee. The costs in the amount of $350.00 for the filing fee will be allowed.

Although it is within the court's discretion to tax the costs of taking depositions, it is this Court's policy to disallow the costs for taking depositions and any fees associated therewith for discovery purposes. Accordingly, all deposition costs will be disallowed as incidental to normal preparation for trial. Plaintiff's requests for copying costs, costs for long distance, courier services, fax costs, expert expenses, postage, travel related expenses and out of pocket expenses will also be disallowed as incidental to normal preparation for trial.

IT IS SO ORDERED this 31st day of October, 2011.

_____
James M. Moody
United States District Judge